United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID DOYLE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-00679 |
| § | |
| ALLSTATE TEXAS LLOYD'S, § | |
| § | |
| Defendant. § | |

## ORDER

Defendant Allstate Texas Lloyd's ("Allstate" or "Defendant") filed a Motion to Exclude and/or Limit the Testimony of Gary Johnson ("Johnson"). (Doc. No. 21). Plaintiff David Doyle ("Doyle" or "Plaintiff") filed a Response. (Doc. No. 23). Defendant filed a Reply. (Doc. No. 24).

### I. Background

Johnson is an insurance adjuster. He attended the University of Houston. (Doc. No. 23-1 at 11, Johnson's Report) and has worked as an insurance adjuster for over two decades. (Doc. No. 23-1 at 1, Johnson's Report). During that time he has inspected, appraised, and consulted on more than 15,000 individual insurance claims. (Doc. No. 23-1 at 1, Johnson's Report). He previously worked for Allstate, serving as its representative at mediations for several years. Johnson currently maintains his adjuster's licenses in Texas, Florida, and Oklahoma. (Doc. No. 23-1 at 8, Johnson's Report).

This Court need not go into more detail about Johnson's education or background in the field as his qualifications are not the focus of Defendant's Motion to Exclude. Instead, the Motion challenges the adequacy of Johnson's report. Specifically, Defendant contends the report does not meet the requirements of Rule 26(a)(2)(B). More specifically, it claims that Johnson does not

1

provide a sufficient basis or analysis on any of the subjects he is designated to testify on in accordance with Federal Rule of Evidence 702. The Court will address each challenged subject.

## II. Legal Standard

Under Federal Rule of Civil Procedure 26(a)(2)(B) a retained expert is required to provide a written report. The write report must contain

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the *facts or data* considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P 26 (emphasis added). "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." *Williams v. Daimler Chrysler Corp.*, No. CIV A 4:06CV188-P-S, 2008 WL 4449558, at *5 (N.D. Miss. July 22, 2008), *aff'd sub nom. Williams v. Chrysler LLC*, 310 F. App'x 747 (5th Cir. 2009) (citations omitted). Rather, "[t]he purpose of Rule 26(a)(2) is to provide notice to opposing counsel-before the deposition-as to what the expert witness will testify." *Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a)..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37.

Federal Rule of Civil Procedure 702 allows witnesses who are qualified as experts by knowledge, skill, experience, training, or education to testify if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is *based on sufficient facts or data;*
> (c) the testimony is the product of reliable principles and methods; and

2

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Under Rule 702, a court can exclude an expert's opinion if it is conclusory. *See Matosky v. Manning*, 428 F. App'x 293, 298 (5th Cir. 2011) (excluding expert testimony in medical malpractice action based upon conclusory assertion). Testimony is conclusory when it does not articulate a methodology or reasoned basis. *Fulmer v. United States*, No. CV 17-15943, 2019 WL 1989233, at *6 (E.D. La. May 6, 2019), *aff'd*, 785 F. App'x 258 (5th Cir. 2019).

The question for the Court, therefore, is whether Johnson's report contains a complete statement of all the opinions he will express and the factual basis for each opinion.

### III. Discussion

As mentioned, Defendant's Motion challenges multiple portions of Johnson's opinions, contending he "failed to include support for his opinions as required by Federal Rule of Evidence 702" and "does not provide the basis or reason for his opinions as required by Federal Rule of Civil Procedure 26(a)(2)(B)." (Doc. No. 21 at 4). The Court will discuss each of the challenged opinions.

#### 1. The Insurance Policy or its Coverage of the Damages at Issue

In its Motion, Allstate argues that Johnson's report has "no analysis regarding the policy or its coverage of the damages at issue in this suit." (Doc. No. 21 at 6). Therefore, Allstate contends Rule 26(a)(2)(B) precludes him from testifying about the policy or the policy's coverage of any damages at the property." (Doc. No. 21 at 7). Defendant further argues that "Johnson provides no reason or basis for [his] conclusion and provides no analysis or opinions regarding what Plaintiff's specific policy actually cover[ed]." (Doc. No. 21 at 7).

3

Plaintiff, on the other hand, maintains that Johnson should be entitled to testify about the Allstate insurance policy as well as the breadth of its coverage because Johnson reviewed the policy. In particular, Plaintiff contends he analyzed the policy, "recognizing that both hail and wind are covered losses under the Policy." Plaintiff argues, however, that "Johnson isn't here to criticize the construction of the contract at issue… he is [instead] designated to testify to claims' handling and failures of Allstate during the time the policy was in force, as well as the necessary costs to make the required repairs." (Doc. No. 23 at 12-13).

As an alternative argument, Plaintiff contends Johnson *knew* about the policy's coverage from his review of the "Bill Worsham Report" (the "Worsham Report"). (Doc. No. 21-2 at App. 44). While the Worsham Report concludes that wind and hail created the damages on Plaintiff's property, it expressly provides that Worsham "did not review the insurance policy and did not express an opinion as to the applicability of insurance coverage." (Doc. No. 23-4 at 7). Therefore, reliance on the Worsham Report does not cure the problem. Moreover, the fact that Johnson may "know" something does not cure an otherwise sloppy report.

In addition to the defects noted above, Johnson's report also does not describe or explain the Policy or its Coverage Period. Instead, it vaguely states that he reviewed the "Policy and Dec Page." (Doc No. 23-1 at 2). The conclusion section of the report does cover a bit more detail. In that section, Johnson explains that Allstate "failed to extend coverage/payment that would cover necessary replacement/repairs for the roof and exterior damage," and therefore, that it is the "opinion of this expert that this claim including but not limited to roof, vents, and gutters/downspouts should have been replaced /repaired after the inspections by Allstate." (Doc. No. 23-1 at 5). Nowhere in the report does Johnson explain the Insurance Policy's general coverage

4

or coverage period, but he does specify what damages were covered.[1] While Johnson did not do a model job in explaining this topic, the Court finds that he provided sufficient information to provide Defendant with a factual basis for his opinion as to the coverage and damages. Therefore, Defendant's Motion to Exclude Johnson's Testimony is denied as it concerns the damage to the house and the contention that such damage is a risk allegedly covered by the policy. Johnson, however, is prohibited from further testifying regarding the policy's provisions because he did not provide any details of the subject in his report, much less provide the factual basis for those opinions.

## 2. Allstate's Failed Duties, Implications of Failure to Fulfill Duties, and Proper Claims Handling Standards

According to Plaintiff's expert designation of Johnson, he intends to testify regarding the "implications" of Allstate's "failure to fulfill duties to Plaintiff made the basis of this lawsuit" and the "proper claims-handling standards." (Doc. No. 21-2 at App. 35-36, Plaintiff's Expert Disclosures). Defendant urges the Court to prohibit Johnson from testifying about Allstate's "failed duties or implications of failures to fulfill duties" because "Johnson's report does not specifically identify any duty that Allstate failed to fulfill or any facts that the duty was violated." (Doc. No. 21 at 9). Additionally, Defendant contends the Court should exclude Johnson from testifying about the proper claims handling standards because "Johnson's report does not address or identify any proper claims handling standards." Plaintiff simultaneously responds to both of Defendant's claims. In response, Plaintiff argues "the duty to conduct a reasonable and thorough investigation of both the claim and Property, and Allstate's failure to do so, is referenced multiple

---

[1] Defendant also ignores the attached estimate report, in which Johnson details each area that needs to be repaired and the associated costs. (*See* Doc. No. 23-3, Johnson's Estimate).

5

times within the report." The Court will discuss the two topics separately, beginning will Allstate's failed duties and implications of its alleged failure to fulfill its duties.

Johnson's report clearly states why he believes Allstate acted unreasonably, albeit in a conclusory fashion: "Allstate Texas Lloyds failed to perform a reasonable investigation of David Doyle's claim." (Doc. No. 23-1 at 5, Johnson's Report). Johnson also implies the manner in which Allstate acted unreasonably was by waiting "7 months between inspections by Allstate Texas Lloyds vendor Ladder Now and Allstate Texas Lloyd's adjuster Tim Wesneski after receiving several requests and photos showing missed damages by their vendor Ladder Now from Mr. Doyle's public adjuster, Glen Ruston." (Doc. No. 23-1 at 5, Johnson's Report). Johnson's conclusion that Allstate acted unreasonably and one basis for his conclusion is sufficiently identified. Therefore, the Court denies Defendant's Motion to Exclude as it concerns his opinion on Allstate's alleged failure. However, his testimony is limited solely to the alleged time delay as it is the only factor he mentioned. No other topics, complaints, or conclusions will be admitted.

The outcome is different for Johnson's opinions about the proper claims handling standards. Johnson failed to outline what the proper claims handling standards are or explain what a reasonable insurance company would have done in the same or similar circumstances. Since Johnson did not identify the proper claim handling standard or specify how it was violated, the Court grants Defendant's Motion to Exclude and prohibits Johnson from expressing opinions about proper claim handling standards.

### 3. Allstate's Inspection and Claim Handling

Defendant's Motion also moves to exclude Johnson's opinions regarding Allstate's inspection and claim handling practices. In particular, Defendant argues "[t]o the extent Plaintiff intended to designate Johnson to offer opinions regarding Allstate's investigation, Johnson's

6

treatment of Allstate's inspections in his report amounts to a few conclusory statements that the first inspection was timely, but the inspections were inadequate and unreasonable." (Doc. No. 21 at 10). Plaintiff, on the other hand contends "Defendant misses the mark completely by ignoring Mr. Johnson's clear and unequivocal opinion that Allstate's inspections were both inadequate, unreasonable and the length between the two problematic." (Doc. No. 23 at 16). The parties make practically the same argument about claim handling. That is, the Defendant argues Johnson should not be allowed to testify regarding its claim handling because "Johnson's report contains no such analysis of Allstate's claim handling or the claims process." (Doc. No. 21 at 7). According to Defendant, "Johnson's report contains nothing more than a list of claim-related documents which he reviewed" and a "timeline of claim handling events." (Doc. No. 21 at 7-8). Plaintiff responds arguing that Johnson reviewed "a multitude of documents" and then made specific conclusions about Allstate's handling of the claim.

In making his report, Johnson lists that he reviewed several of Allstate's documents, including but not limited to the first notice of loss, Allstate's vendor Ladder Now's report by Justin Johnson, Allstate's estimate by R. Lang, Allstate's photos, and Allstate's letter from adjuster. (Doc. No. 23-1 at 2, Johnson's Report). With that information, Johnson created a timeline that includes all of Allstate's actions starting from the first notice of loss. Subsequently, in the conclusion section of his report, Johnson explains that Allstate "failed to perform a reasonable investigation of David Doyle's claim (7 months between inspections by Allstate Texas Lloyds vendor Ladder Now and Allstate Texas Lloyd's adjuster Tim Wesneski after receiving several requests and photos showing missed damages by their vendor Ladder Now from Mr. Doyle's public adjuster, Glen Ruston)." (Doc. No. 23-1 at 5, Johnson's Report).

7

Considering the matter Johnson reviewed and referenced in his report, Johnson provided sufficient information about Allstate's inspection and claim handling to testify about it at trial, but again, all testimony is limited to the alleged 7-month delay because he details no other factors.

### 4. Bad Faith of Texas Insurance Code

Defendant also challenges Johnson's opinions regarding alleged acts of bad faith or violations of the Texas Insurance Code. (Doc. No. 21 at 14). The Court will consider both objections, starting with the bad faith claim.

Johnson's report contains one sentence regarding Allstate's alleged bad faith: "A reasonable, experienced adjuster acting in good faith and performing a reasonable investigation would have concluded that the damages occurred during the policy period, were caused by a covered cause of loss and issued prompt payment for said damages." (Doc. No. 23-1 at 5). This a conclusory statement. One is not acting in bad faith merely because one reaches a different conclusion. Johnson does not outline why a reasonable, experienced adjuster would have concluded the damage occurred during the policy period, nor does he describe how Allstate failed to act in accordance with said standard. Simply, he does not account for why reasonable adjusters might agree or disagree. In sum, there is no basis for Johnson's opinion on Allstate's alleged bad faith. Therefore, the Court grants Allstate's Motion to Exclude Johnson's testimony as it relates to bad faith.

Defendant also argue that "Johnson should be precluded from testifying regarding Texas Insurance Code Chapters 541 and 542." (Doc. No. 21 at 11). Conversely, Plaintiff contends the Court should allow Johnson to testify about Allstate's alleged Texas Insurance Code violations because "Johnson specifically points to the code provisions violated." (Doc. No. 23 at 17). Specifically, in his report Johnson claims he

8

> reviewed this claim in accordance with the legal standards that apply in Texas (Chapter 541 & 542 Insurance Code) and have found that the Allstate Texas Lloyds failed to perform a reasonable investigation of David Doyle's claim (7 months between inspections by Allstate Texas Lloyds vendor Ladder Now and Allstate Texas Lloyd's adjuster Tim Wesneski after receiving several requests and photos showing missed damages by their vendor Ladder Now from Mr. Doyle's public adjuster, Glen Ruston), and failed to make prompt, fair, and equitable settlement of the claim (photos submitted by K-3 consulting and Martin Guzman clearly show hail damage to roof shingles) that a reasonable investigation would have discovered.

(Doc. No. 31-1 at 5, Johnson's Report). Merely referencing Chapters of the Texas Insurance Code is not sufficient to establish a basis for Johnson's testimony regarding the Texas Insurance Code. Therefore, the Court grants Defendant's Motion to Exclude Johnson's testimony of Texas Insurance Code violations.

### 5. Cost of Repairs

Defendant's next challenge is to Johnson's testimony regarding cost of repairs. Allstate urges the Court to exclude Johnson's opinions regarding the alleged costs of repairs because "Johnson's report and estimate fail to include any explanation as to his methodology" for coming up with the total damages. (Doc. No. 21 at 13). Allstate further takes issue with the fact that Johnson never inspected the property himself and he does not advise where [some] of the measurements [in his estimate] came from." Johnson discusses damages briefly in his report, but he also provided an entire document which contains estimates of each needed repair. (*See* Doc. No. 23-3, Johnson's Estimate).

While the Court by no means views Johnson's report as a model report to be followed, it does include sufficient information on the cost of repairs for Defendant to determine the basis of his conclusions. If need be, Defendant could have ascertained more information about Plaintiff's cost of repairs had it deposed Johnson. Considering that, the Court denies Defendant's Motion to Exclude as it relates to Johnson's testimony on costs of repairs.